# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KATHERINE R. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. CIV-10-97-M |
| | ) | |
| HEALDTON MERCY HOSPITAL | ) | |
| CORP., MERCY MEMORIAL HEALTH | ) | |
| CENTER, INC., and MERCY HEALTH | ) | |
| SYSTEM, INC., d/b/a MERCY HEALTH | ) | |
| SYSTEM OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

## AGREED PROTECTIVE ORDER

Before the Court for consideration is the Joint Motion for Agreed Protective Order [Doc. No. 19]. The Court has been advised that, through discovery, the parties may produce the following documentation and information:

(a) Personnel records, employment information, financial records, compensation records, medical records, and personal identifying information regarding Plaintiff and Defendants or their current and former employees;

(b) Unlisted home addresses or unlisted home phone numbers of current or former employees of Defendants;

(c) The internal policies and practices of Defendants and/or their affiliated entities.

The Court finds and the parties agree that the information and/or documentation

identified herein is considered personal, sensitive, and highly confidential. Additionally, while the documentation and/or information may pertain, in part, specifically to the claims and/or defenses in this litigation, it also contains information that is personal and confidential, some of which relates to current and former employees of Defendants who are not parties to this litigation and who have a reasonable expectation of privacy that should be respected.

The Court finds that if any party produces this information and/or documentation to the other, the ability to prosecute or defend this action will not be unreasonably limited by entry of an Agreed Protective Order.

Therefore, it is hereby ORDERED that:

(a) All information and documents produced by the parties subject to the Agreed Protective Order shall remain confidential and not be disclosed by the parties or their counsel to any person except in trial preparation and trial;

(b) The parties shall clearly mark or designate in writing each document that is produced subject to the Agreed Protective Order;

(c) Counsel for the parties shall instruct their clients and any witnesses who may view such documents that they are bound by the terms of the Agreed Protective Order, and that they are under a duty not to reveal such information to anyone, except as necessary to prosecute this action;

(d) Any and all information and documents secured during discovery subject

to the Agreed Protective Order shall without the necessity of further designation be treated as confidential during this litigation;

(e) The control and distribution of the information and documents obtained during discovery subject to the Agreed Protective Order shall be the responsibility of the attorneys of record;

(f) No reference to the Social Security Number or entire date of birth of any individual shall be included in any materials filed of record with the Court;

(g) Upon the conclusion of this litigation, all copies of documents produced by any party that are subject to the Agreed Protective Order shall be returned to counsel for the party so producing, or destroyed;

(h) The admissibility, confidentiality and use of the information and documents produced subject to the Agreed Protective Order shall be subject to further Order of this Court at any time.

**IT IS SO ORDERED this 21st day of October, 2010.**

*Vicki Miles LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE